The State *v.* Bins *et al.*

Filed Feb. 20, 1894.

———————◆———————

No. 1,202.

The State *v.* Bins et al.

APPELLATE COURT PRACTICE.—*Record.*— *When no Question is Presented.* —*Criminal Law.*—*Affidavit.*—Where the record in an appeal from a criminal action instituted before a justice of the peace, does not contain an affidavit of any kind charging the defendants with an offense, no question is presented as to the action of the court in overruling a demurrer to a plea in abatement and discharging the defendants.

From the Putnam Circuit Court.

*A. G. Smith,* Attorney-General, *F. A. Horner,* Prosecuting Attorney, and *J. H. James,* for State.

*J. P. Allee* and *J. B. Nelson,* for appellees.

Ross, J.—The facts in this case, as we gather them from the record and the briefs of counsel, are as follows: That on the 16th day of October, 1893, the appellees

were arrested and tried before one Samuel Colliver, a justice of the peace of Putnam county, Indiana, upon an affidavit charging them with malicious trespass. They pleaded not guilty, and were put upon trial before a jury. After the evidence was all in, and the case rested by both sides, the appellees moved the court to dismiss the cause on account of the insufficiency of the evidence, and thereupon the court dismissed the jury and discharged the appellees. On the same day, and after their discharge as above stated, the appellees were again arrested for the same offense. Subsequently they were tried and convicted, and from the judgment of conviction they appealed to the Putnam Circuit Court, where they filed a plea in abatement, setting forth the above facts relative to their previous arrest, trial, and discharge for the same offense. To this plea in abatement, the appellant demurred, which demurrer was overruled by the court, and the appellees discharged. From this ruling of the court in overruling the demurrer to the plea in abatement, and the judgment thereupon discharging the appellees, this appeal is perfected.

Many questions have been very ably discussed by the counsel representing the State, which it will not be necessary for us to examine or pass upon, for the reason that the record filed in this court is insufficient to present any such questions for consideration.

While the record says that: "October 16, 1893, comes now this day Houston Lewis and files his affidavit against the defendants," etc., we are unable to find an affidavit of any kind in the record charging the appellees with any offense.

Without a sufficient affidavit, the justice should not have issued a warrant for the arrest of the appellees, and their arrest was unlawful, hence it was not error for the circuit court, on appeal, to discharge them, whether the

plea in abatement was good when addressed to a proper affidavit or not.

A party appealing to this court must present a record, which, on its face, shows that an error has been committed, otherwise there is nothing to consider.

Judgment affirmed.

Filed Feb. 22, 1894.